## DOBSON et al. v. COOPER, Collector.

*(District Court, E. D. Pennsylvania. April 7, 1891.)*

CUSTOMS DUTIES—GOAT-HAIR.

Goat-hair is not dutiable under the provision in the tariff act for "class 2, combing wools," including "hair of the alpaca goat and other like animals," if it is: (1) Either common goat-hair, known as such in the trade, and salable only as such; or (2) if not being common goat-hair, it is not combing hair,—that is, long hair, like alpaca hair of long fiber, which can be combed out, and which is capable of being used for combing purposes.

At Law.

This was a suit brought by the importer against the collector to recover the sum of $307.10 claimed to be an excessive duty unlawfully exacted upon an importation of hair, invoiced as "white cattle-hair," (goat,) and entered as common goat-hair. The appraiser classified the article as hair class 2 under 30 cents per pound, subject to a duty of 10 cents per pound, and the liquidation was made in accordance with the appraiser's return. The protest claimed that the article in question was common goat-hair, not fit for combing purposes, and should have been admitted free of duty, under the provisions in the free-list for hair, horse or cattle, and hair of all kinds, cleaned or uncleaned, drawn or undrawn, not specially provided for. The assessment was made under Tariff Ind. (New,) par. 354, Schedule K; Act March 3, 1883; Treasury decision 9810. The plaintiffs' witnesses testified that the imported article was known in the trade as common goat or cattle hair, and that it was not commercially known as "Angora goat-hair," nor was it salable as Angora goat-hair, and that also it was not combing hair or fit for combing purposes. The defendant's witnesses admitted that the hair was not combing hair, but testified that it was a low grade of Angora goat-hair, which, having been taken from a dead animal by the liming process, has become unfit for combing purposes. Defendant presented points which are summarized below.

*Richard P. White*, for plaintiffs.

*W. Wilkins Carr*, Asst. U. S. Atty., and *John R. Read*, U. S. Atty., for defendant, contended that under the hide clause, paragraph 719, Tariff Ind., (New,) sheep-skins with the wool on were excepted from the free-list and subject to duty, but Angora goat-skins without the wool were made free, and that with the wool, therefore, Angora goat-skins were subject to duty. The word "wool" in the clause referred to being used for hair of the Angora goat, under paragraph 360, Id., wools on the skin were dutiable as other wools; the quantity and value to be ascertained, and therefore goat-hair or wool off the skin was dutiable as other wools. They also contended for the defendant that under Schedule K, pars. 354, 358, Id., all hair of the goat was dutiable under class 2 irrespective of its fitness for combing purposes.

BUTLER, J., *(orally charging jury.)* The plaintiffs in this case imported this merchandise, the hair from which the specimen or sample

before you was taken, into this port and entered it at the custom-house as goat or cattle hair, free of duty, under a section of the tariff law. The government appraiser, whose duty it was to examine and pass upon the question, disagreed with the importers, and classified the hair as belonging to class 2,—that section reading as follows:

"Class 2. Combing wool; that is to say, Leicester, Cotswold, Lincolnshire, Down combing wool, Canada long wool, or other like combing wool of English blood usually known by the terms herein used, and also all hair of the alpaca goat and other like animals."

The plaintiffs protested against this classification, adhering to their original claim that this is common hair, not combing hair, appealed unsuccessfully from the action of the appraiser, eventually paid the money demanded by the government, and then brought this suit to recover it back.

The questions presented are: First, is this common goat or cattle hair, as distinguished from mohair or combing hair? Is it what is known to commerce, to those who deal in the article, as common goat, or cattle hair? That is the first question, and you are to decide it by the evidence. You have heard this. It does not cover a great space and is readily understood. It has been explained and commented upon by counsel, and you are to say how the question should be decided. Are you satisfied that this article is what is known to commerce, to those who deal in such hair, as common goat-hair or cattle-hair? If you find it is, your verdict will be for the plaintiffs for the amount of their claim; because if it is such common goat or cattle hair it is not to be classified under the section applied to it by the appraiser. I repeat, if the evidence satisfies your minds, that this is what is called common goat-hair or cattle-hair by the trade, then your verdict should be for the plaintiffs in the amount of their claim. If you are not satisfied that it is such common hair, known to commerce by that designation, then a second question arises, to-wit: Is this what is known to commerce as "combing hair?" If it is not, (though it be something else than common hair,) it was wrongfully classified. It could only be classified as the government classified it on the ground that it is combing hair. Thus if you are not satisfied that it is what is called common hair and do not find a verdict for the plaintiffs upon that ground, then you pass to the second question, and determine whether or not it is combing hair; because if it is not combing hair, the plaintiffs are entitled to your verdict for the amount of their claim, although it be not such common hair, as before described. It can only be classified as it has been upon the ground that it is combing hair. If it was cattle or common goat hair it was not combing hair, and if it is not common hair, but still not combing hair, the plaintiffs are entitled to a verdict. Upon the question of combing hair is there any evidence at all that it is such hair? A number of witnesses testified that it is not. They told you the characteristics of combing hair, that it is a long hair like the long alpaca hair which is before you, that combing hair or combing wool is a hair or wool of long fiber, which can be combed out, leaving the short hair that grows near the skin at the bottom of the hair as a sort of refuse.

Thus you have before you all there is in this case. Have the plaintiffs satisfied you that this is what is known to commerce as "common goat or cattle hair" as distinguished from combing hair or mohair? If they have, your verdict will be in their favor. If they have not satisfied you of that, still if they have satisfied you that this is not combing hair, (and there is no answer to their evidence that it is not, as I remember,) your verdict should be for the plaintiffs. The points presented by the defendant I cannot affirm. They may be marked severally, "Disaffirmed."

The verdict was for plaintiffs for the amount of their claim.

